UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIN LEA MALLOY CHIARI, et al.,

          Plaintiffs,

    v.

ANY AND ALL POTENTIAL
CLAIMANTS,

          Defendant.

Case No.  19-cv-04748-JSW

**ORDER DENYING MOTION TO
CONTINUE TRIAL AND ORDER TO
SHOW CAUSE REGARDING
PRETRIAL FILINGS**

Re: Dkt. No. 50

United States District Court
Northern District of California

     Trial in this matter is scheduled to begin on March 7, 2022.  The parties' pretrial

conference in this matter is scheduled for January 24, 2022 at 2 p.m.  The Court previously

continued the pretrial conference from December 13, 2021 to January 24, 2022 and continued the

trial date from January 3, 2022 to March 7, 2022 due to the Court's unavailability.  (Dkt. No. 46.)

The parties informed the Court that they were prepared to proceed to trial on March 7, 2022.  (Dkt.

No. 48.)  On January 6, 2022, Plaintiffs-in-Limitation, Erin Lea Malloy Chiari and Matthew Philip

Daley ("Plaintiffs-in-Limitation") filed an administrative motion to continue the trial and related

dates for this case. [1]  Potential Claimants filed an opposition to the motion, and Plaintiffs-in-

Limitation filed a reply.

     Plaintiffs-in-Limitation requested the continuance based on the unavailability of a witness,

Steven Chiari, who was the driver of the vessel involved in the accident giving rise to this case.

Mr. Chiari was scheduled to have his criminal case heard on December 3, 2021, but that trial was

recently continued to August 9, 2022.  Plaintiffs-in-Limitation state that Mr. Chiari is unavailable

to testify in this civil case because he has invoked his Fifth Amendment right not to testify until

---

[1] Matthew Philip Daley has since been dismissed from this action.  (*See* Dkt. No. 51.)

United States District Court
Northern District of California

1   his criminal trial is completed.  Plaintiffs-in-Limitation do not propose a new trial date, but the

2   Court assumes they are requesting a trial date after Mr. Chiari's criminal trial in August 2022,

3   which would be a continuance of at least five months.

4           Potential Claimants oppose a continuance of the trial date.  Potential Claimants argue that

5   any issues related to Mr. Chiari's unresolved criminal proceeding have existed since Plaintiffs-in-

6   Limitation brought this action, and therefore do not warrant continuing the trial date.  They also

7   contend that there is no evidence indicating that Mr. Chiari is a necessary party to the trial and that

8   Mr. Chiari's testimony would not necessarily require or allow the invocation of his Fifth

9   Amendment privilege.  Finally, Potential Claimants assert that a delay prejudice them because of

10  the order staying the underlying state court matter.

11          Although Plaintiffs-in-Limitation expect that Mr. Chiari will invoke the Fifth Amendment

12  privilege in this proceeding, he has not yet done so.  At this stage, the Court is not able to

13  determine that all of Mr. Chiari's testimony would require or permit the invocation of the

14  privilege.  *U.S. v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir. 1995) ("The only way the Fifth

15  Amendment can be asserted as to testimony is on a question-by-question basis."); *U.S. v. Pierce*,

16  561 F.2d 735, 741 (9th Cir. 1977) ("A proper application of this standard requires that the Fifth

17  Amendment claim be raised in response to specific questions propounded by the investigating

18  body.")  Accordingly, the Court finds that Mr. Chiari's anticipated assertion of his Fifth

19  Amendment privilege does not establish good cause to continue the trial date.  Further, Potential

20  Claimants have shown that they would be prejudiced by continued delay.  For these reasons, the

21  Court DENIES the motion to continue the trial date.

22          In their papers requesting a continuance of the trial date, neither party addressed the

23  pretrial conference, which is scheduled for January 24, 2022, at 2 p.m.  Under this Court's

24  guidelines for civil bench trials, the parties' pretrial filings were due on January 10, 2022.  *See*

25  Guidelines for Trial and Final Pretrial Conference in Civil Bench Cases, ¶¶ 1-2.  The deadline for

26  the parties' pretrial filings has passed, and none were filed.  In addition, "[i]n order to ensure that

27  motions in limine and oppositions are timely filed, at least thirty (30) calendar days before the

28  Final Pretrial Conference, the moving party shall serve, but not file, the opening brief and at least

1    twenty (20) calendar days before the Final Pretrial Conference, the responding party shall serve,

2    but not file, the opposition." *Id.*, ¶ 2(f).  These deadlines have also passed, and it does not appear

3    the parties served their motions in limine in compliance with this Court's guidelines.  The parties

4    have not offered any explanation for their failure to comply with these deadlines.  As a result, the

5    parties are HEREBY ORDERED TO SHOW CAUSE in writing by no later than January 31,

6    2022, why the Court should not impose sanctions for failing to comply with this Court's deadlines

7    and, as to Plaintiffs-in-Limitation, why this case should not be dismissed for failure to prosecute.

8    To satisfy this requirement, the parties may submit the required pretrial filings by January 31,

9    2022.  The parties are warned that failure to comply with the Court's Order by January 31, 2022

10    may result in the Court's dismissal of this action without prejudice.

11        The Court FURTHER ORDERS that the pretrial conference is continued to February 14,

12    2022, at 2 p.m.

13        **IT IS SO ORDERED.**

14    Dated: January 11, 2022

15

16                    JEFFREY S. WHITE
                       United States District Judge

*(left margin, rotated: United States District Court / Northern District of California)*

3