UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN LEA MALLOY CHIARI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANY AND ALL POTENTIAL CLAIMANTS,<br><br>Defendant. | Case No. 19-cv-04748-JSW<br><br>**ORDER DENYING REQUEST TO REOPEN DISCOVERY RE: JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 68 |

Now before the Court for consideration is the joint discovery letter brief filed by Plaintiff-in-Limitation and Potential Claimants. Potential Claimants request the Court reopen discovery for the limited purpose of permitting the deposition of Steven Chiari. Plaintiff-in-Limitation opposes the request. The Court has reviewed the parties' letter brief, relevant legal authority, and the record in this case, and it finds the dispute suitable for resolution without additional briefing or a hearing. For the following reasons, the Court DENIES Potential Claimants' request to reopen discovery.

**BACKGROUND**

On January 28, 2021, the Court issued a scheduling order in this matter, which set a bench trial on January 3, 2022, and imposed a discovery cut-off deadline of August 26, 2021. (Dkt. No. 40.) In the scheduling order, the Court advised the parties that "[n]o provision of this order may be changed except…upon a showing of very good cause." (*Id.*)

Following the issuance of the scheduling order, the Court continued the trial to March 7, 2022, due its unavailability. (Dkt. No. 46.) The parties informed the Court they were prepared to proceed to trial on March 7, 2022. (Dkt. No. 48.) On January 6, 2022, Plaintiff-in-Limitation filed an opposed administrative motion to the continue the trial date based on the unavailability of

a witness, Steven Chiari ("Chiari"), who was the driver of the vessel involved in the accident giving rise to this case. Chiari was the subject of civil and criminal proceedings in state court arising out of the same accident, and his criminal trial was postponed to August 2022. As a result, Plaintiff-in-Limitation contended Chiari would be unavailable to testify in this case because of his invocation of his Fifth Amendment right not to testify until the completion of his criminal trial. (*See* Dkt. No. 54.) The Court denied the request to continue the trial on the basis that Chiari's anticipated assertion of his Fifth Amendment privilege did not constitute good cause to continue the trial date. (*Id.*) On January 27, 2022, Potential Claimants filed another administrative motion to continue the trial date, now agreeing with Plaintiff-in-Limitation that Chiari was a necessary witness and renewing the request to continue this trial until the conclusion of the criminal proceedings. (Dkt. No. 56.) The Court granted the request. (Dkt. No. 57.) On June 20, 2023, the parties notified the Court that the criminal action had concluded and requested a further continuance of this trial to accommodate counsel's scheduling conflict, which the Court granted setting the matter for trial on October 23, 2023. (Dkt. Nos. 66, 67.)

On July 27, 2023, the parties filed a joint discovery letter brief. The Potential Claimants seek to reopen discovery for the limited purpose of taking the deposition of Chiari, who they maintain is a necessary witness. Potential Claimants assert that the failure to depose Chiari until now was caused by his "unavailability" created by the assertion of his Fifth Amendment rights during the pendency of the state court criminal proceeding. Potential Claimants assert that after the criminal proceeding concluded in May 2023, counsel for Plaintiff-in-Limitation indicated a willingness to produce Chiari for a deposition but subsequently stated they would refuse to produce Chiari for a deposition because no deposition notice was served prior to the discovery cutoff date. Potential Claimants assert that sending a deposition notice while the criminal proceeding was ongoing would have been futile.

Plaintiff-in-Limitation opposes the request to depose Chiari on the basis that the discovery deadline has passed, and there was never an agreement to produce Chiari for a deposition. Plaintiff-in-Limitation also argues that Potential Claimants never raised the issue of Chiari's availability prior to the close of discovery and in fact, disputed that Chiari was even a necessary

2

1   witness earlier in these proceedings.  (*See* Dkt. No. 52.)

2          The Court will discuss additional facts as needed in the analysis.

3                                              **ANALYSIS**

4          Potential Claimants request to reopen discovery is governed by Rule 16(b).[1]  *See Hunt v.*

5   *City of Los Angeles*, No. CV 17-8064 JFW (PVC), 2020 WL 10892999, at *1 (C.D. Cal. Dec. 7,

6   2020) (clarifying that the proper procedure to reopen discovery is under a Rule 16(b) motion to

7   amend the scheduling order).  Rule 16 requires "good cause" and the consent of the Court to

8   amend a scheduling order.  Fed. R. Civ. P. 16(b)(4).  The good cause standard "primarily

9   considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations,*

10  *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "The pretrial schedule may be modified if it cannot

11  reasonably be met despite the diligence of the party seeking the extension."  *Zivkovic v. S.*

12  *California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and quotations omitted).  "If

13  the party seeking the modification was not diligent, the inquiry should end and the motion to

14  modify should not be granted."  *Id.* (citation and quotations omitted).  In determining whether

15  there is good cause to reopen discovery, courts consider the following factors:

16             1) whether trial is imminent, 2) whether the request is opposed, 3)
               whether the non-moving party would be prejudiced, 4) whether the
17             moving party was diligent in obtaining discovery within the
               guidelines established by the court, 5) the foreseeability of the need
18             for additional discovery in light of the time allowed for discovery by
               the district court, and 6) the likelihood that the discovery will lead to
19             relevant evidence.

20  *City of Ponoma v. SQM N. Am. Corp.*, 886 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted).

21         The Court first considers the question of Potential Claimants diligence in seeking to reopen

22  discovery.  Discovery closed in this case almost two years ago on August 26, 2021, yet counsel

23  did not file this motion to reopen discovery until July 28, 2023.  Counsel suggests that they did not

24  issue a deposition notice of Chiari during the pendency of the criminal proceedings because they

25  believed it would be futile based on Chiari's invocation of his Fifth Amendment rights.  However,

26  that does not explain counsels' failure to raise this issue with the Court until this late date.  Based

27

28  _____
    [1] Neither party has cited any legal authority in support of their arguments.

                                                   3

on the parties' submissions, the issue of Chiari's assertion of his Fifth Amendment rights arose in January 6, 2022, months after discovery had already closed. But counsel does not explain why they failed to notice Mr. Chiari's deposition during discovery. Moreover, when the Fifth Amendment issue did arise in early 2022, the parties discussed Chiari's unavailability only as it pertained to his testimony at trial; counsel never raised the issue of a deposition or discovery pertaining to Chiari. Counsel has not sufficiently explained why failed to raise this issue as soon as Chiari's availability became an issue. Thus, counsel did demonstrate diligence in seeking to reopen discovery.

The majority of the remaining factors also weigh against reopening discovery. The trial date, which has already been continued numerous times, is imminent. Plaintiff-in-Limitation opposes the request to reopen discovery. With regard to the fifth factor, given Potential Claimants' position that Chiari is a necessary witness, they should have foreseen the need for his deposition much earlier in the case, at least by January 2022 when they sought a trial continuance on this basis. Additionally, although the deposition of Chiari seems likely to lead to relevant evidence, Potential Claimants have not made a sufficient showing on this factor as they assert that they seek to depose Chiari prior to trial primarily to save judicial resources. Finally, neither party makes a strong showing of prejudice, and the Court finds this factor is neutral.

Based on the foregoing, the Court finds counsel has not shown "good cause" exists to modify the scheduling order to reopen discovery. Potential Claimants request to reopen discovery is DENIED.

**IT IS SO ORDERED.**

Dated: July 28, 2023

_____
JEFFREY S. WHITE
United States District Judge